*United States v. Ajelero*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand twenty-four.

PRESENT:

> REENA RAGGI,
> BETH ROBINSON,
> > *Circuit Judges*,
> JED S. RAKOFF,[*]
> > *District Judge*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                        No. 22-1825

AFOLABI AJELERO,

> *Defendant-Appellant*,

HAKEEM BAMGBALA, MICHAEL CAMPBELL,

_____

[*] Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

*Defendants.*†

FOR APPELLANT:                          BRIAN E. SPEARS & Leslie A. Cahill, Spears Manning & Martini LLC, Southport, CT.

FOR APPELLEE:                           HANNAH COOK, Katie Bagley, and Joseph B. Syverson, Attorneys, Tax Division of the DOJ based in Washington, D.C.; David A. Hubbert, Deputy Assistant Attorney General; S. Robert Lyons, Chief, Criminal Appeals & Tax Enforcement Policy; *for* Breon Peace, United States Attorney for the Eastern District of New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on August 9, 2022, is **AFFIRMED**.

A jury convicted Defendant Afolabi Ajelero of three charges arising from his role in a fraudulent tax return scheme: one count of conspiracy to commit aggravated identity theft in violation of 18 U.S.C. § 371 (Count 37), and two counts of aiding and assisting in the preparation of a false tax return in violation

---

† The Clerk's office is directed to amend the caption as reflected above.

2

of 26 U.S.C. § 7206(2) (Counts 42 and 43). Count 37 charged Ajelero with conspiring to commit aggravated identity theft by filing fraudulent tax returns using the personal information of numerous victims without their knowledge or consent. Counts 42 and 43 charged Ajelero with aiding and assisting in the preparation of false tax returns for Ajelero's business, Mo-Betta, in tax years 2014 and 2015, using fraudulent fuel tax credits to claim inflated refunds. The district court sentenced Ajelero to 60 months' imprisonment on Count 37 and 36 months' imprisonment each on Counts 42 and 43, all running concurrently.

On appeal, Ajelero argues: (1) there was insufficient evidence that he knowingly and willfully joined the conspiracy charged in Count 37 and (2) his sentence is procedurally unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

## I. Sufficiency of the Evidence on Count 37

We review the denial of a Rule 29 motion for judgment of acquittal without deference to the district court, and must affirm if any rational jury could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Dumitru*, 991 F.3d 427, 432 (2d Cir. 2021). In making that

determination, we must view the evidence in the light most favorable to the government, credit every inference that could have been drawn in its favor, and defer to the jury's assessment of witness credibility and the weight of the evidence. *United States v. Persico*, 645 F.3d 85, 104 (2d Cir. 2011). This deferential standard is "especially important" when reviewing a conspiracy conviction, as the government must typically rely on circumstantial evidence to prove its case. *United States v. Atilla*, 966 F.3d 118, 128 (2d Cir. 2020).[1]

To prove aggravated identity theft under 18 U.S.C. § 1028A(a)(1) and (c)(5), the government must demonstrate that the defendant, during and in relation to a violation of "any provision contained in chapter 63 (relating to mail, bank, and wire fraud)," knowingly transferred, possessed, or used, without lawful authority, a "means of identification of another person." 18 U.S.C. § 1028A(a)(1), (c)(5). To prove a conspiracy under § 371, the government must demonstrate: "(1) an agreement among two or more persons, the object of which is an offense against the United States; (2) the defendant's knowing and willful joinder in that conspiracy; and (3) commission of an overt act in furtherance of

---

[1] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, alterations, footnotes, and citations, unless otherwise noted.

the conspiracy by at least one of the alleged co-conspirators." *United States v. Svoboda*, 347 F.3d 471, 476 (2d Cir. 2003). Ajelero argues that the government failed to prove element two: that he knowingly and intentionally joined the conspiracy to commit aggravated identity theft. *See id.* at 479 (explaining that "joinder element of conspiracy" has two aspects: "a defendant's knowledge or awareness of the illegal nature of the charged activity and his intent to advance the illegal objective"). We disagree.

Evidence showed that, beginning in 2012, Ajelero worked at Hakeem Bamgbala's tax preparation business, Kaybamz, Inc., six days a week, twelve hours per day during tax season. Although Ajelero described his duties as mostly secretarial, he listed his occupation as "associate tax preparer" on his taxes in 2014. The government presented evidence that all of the fraudulent tax returns filed by Kaybamz used an IRS Electronic Filing Identification Number (EFIN) registered under Ajelero's name to his own company, and some used his personal IRS Preparer Tax Identification Number (PTIN). Ajelero admitted knowing that Kaybamz and Bamgbala were using his EFIN and PTIN, and he acknowledged that Bamgbala paid him a lump sum check at the end of every tax season.

Evidence further showed that Kaybamz used a tax refund transfer product registered to Ajelero that enabled it to receive customer refunds directly. In response to an audit by the product vendor, Ajelero admitted to signing and backdating IRS Forms 8879, the form through which clients authorize the electronic filing of their tax returns, despite the fact that Ajelero had never met nor seen any of the purported clients whose forms he signed and backdated. Moreover, the victims' tax files contained indicia of fraud, including a New York driver's license that switched the victim's first and last names, a W-2 that misspelled a victim's first name, and a "client signature" on a Form 8879 that included only the victim's first name. In addition, when the vendor's representative called Ajelero to investigate "irregular" instances of refunds for several taxpayers being direct-deposited into the same bank account, Ajelero approved the deposits, claiming the taxpayers were family members or friends who shared accounts.

Although Ajelero denied knowing that any of the returns were false and asserted that he knows nothing about taxes, the jury was entitled to discredit his testimony. *See United States v. Martoma*, 894 F.3d 64, 72 (2d Cir. 2017). In sum, the above evidence, viewed in the light most favorable to the government, was

6

sufficient for a rational jury to find that Ajelero intentionally joined the conspiracy with knowledge (or at least conscious avoidance of knowledge) that the tax returns were fraudulent because they used the identifying information of victims without authorization. *Cf. United States v. Reyes*, 302 F.3d 48, 55–56 (2d Cir. 2002) ("Given that Reyes earned approximately $17,000 from a business that consisted mostly of stolen airbag sales and that he delivered a set of airbags to [his codefendant] in the manner of an airbag thief, a reasonable jury could infer that he intentionally participated in [the conspiracy]."); *id.* at 54 (explaining that doctrine of conscious avoidance "may be invoked to prove defendant had *knowledge* of the unlawful conspiracy" (emphasis in original)).

## II. Sentence

We review challenges to the procedural reasonableness of a sentence for abuse of discretion. *United States v. Estevez*, 961 F.3d 519, 529 (2d Cir. 2020). However, where a defendant fails to object to an alleged procedural error at the time of sentencing, we review only for plain error. *United States v. Caltabiano*, 871 F.3d 210, 219 (2d Cir. 2017). A sentencing court commits procedural error if it "makes a mistake in its Guidelines calculation" or "fails adequately to explain its chosen sentence," including "any deviation from the Guidelines." *United States*

*v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). When evaluating a Guidelines calculation, we review the district court's legal conclusions without deference and its findings of fact for clear error. *United States v. Brown*, 945 F.3d 72, 75 (2d Cir. 2019).

Ajelero argues for the first time on appeal that the district court: (1) miscalculated the tax loss amount on Counts 42 and 43, and (2) imposed an above-Guidelines sentence on Count 37 without adequate explanation.[2] We reject both arguments as without merit.

*A. Tax Loss*

For purposes of determining the base offense level for Counts 42 and 43, the district court apparently considered the intended tax loss associated with the fraudulent claims submitted using Ajelero's EFIN that were part of the basis for Count 37 (estimated by the United States Probation Department to be $1,712,240),

---

[2] We have considered and also reject the arguments Ajelero raises in two footnotes. As to Ajelero's argument that he should be resentenced in light of the 2023 Criminal History Amendment to the Guidelines, which establishes a two point offense-level reduction for certain zero-point offenders, this Court "may not, in the first instance, apply post-sentence amendments that embody a substantive change to the Guidelines." *United States v. Jesurum*, 819 F.3d 667, 672 (2d Cir. 2016). Accordingly, while this appeal was pending, Ajelero sought resentencing in the district court. The district court denied his motion and he has not separately appealed that order. In addition, Ajelero's argument that the district court failed to address certain of his sentencing arguments is not borne out by the record.

as well as the $10,272 in exaggerated fuel tax credits claimed and issued on Mo-Betta's tax returns that was the basis for Counts 42 and 43. This tax loss of over $1,500,000 but less than $3,500,000 yielded a base offense level of 22. *See* Tax Table, U.S.S.G. § 2T4.1. With a 2-level enhancement under § 2T1.4(b)(1)(B) because Ajelero was in the business of preparing tax returns, the total offense level was 24. Given Ajelero's criminal history category of I, the court calculated a Guidelines range for Counts 42 and 43 of 51–63 months.

The district court's inclusion of losses associated with the whole of Ajelero's tax crimes in determining the tax loss amount was not error, much less plain error. The tax loss under the Tax Table in § 2T4.1 is the "total amount of loss that was the object of the offense." U.S.S.G. § 2T1.1(c)(1). In determining the total tax loss, the court was entitled to consider "all conduct violating the tax laws . . . unless the evidence demonstrate[d] that the conduct [was] clearly unrelated." U.S.S.G. § 2T1.1, Application Note 2; *see also* U.S.S.G. § 1B1.3(a)(2). The district court's implicit conclusion that the fraudulent tax returns filed by Kaybamz on behalf of the defrauded victims were not "clearly unrelated" to the fraudulent returns filed on behalf of Ajelero's business, Mo-Betta, was not error. And the court's consideration of losses beyond those specified in the indictment

was permissible. *United States v. Silkowski*, 32 F.3d 682, 688 (2d Cir. 1994) (explaining that relevant conduct under U.S.S.G. § 1B1.3(a)(2) includes conduct outside of the period charged in the indictment).

B. *Count 37*

Ajelero's argument that the district court committed procedural error by issuing an above-guidelines sentence on Count 37 without explanation is based on the premise that the sentence on Count 37 was, in fact, above the applicable guidelines range. Although the district court identified "the guideline sentence for Count 37 [a]s two years' imprisonment," App'x 7574, that assessment did not *by itself* dictate Ajelero's ultimate sentence on that count.[3] Rather, having properly concluded pursuant to Application Note 3 to U.S.S.G. § 2B1.6 that Count 37 was not grouped with Counts 42 and 43, the district court then applied U.S.S.G. § 5G1.2(b), the Guideline pertinent to sentencing on multiple counts of

---

[3] U.S.S.G. § 2X1.1 states that the base offense level for a conspiracy is "[t]he base offense level from the guideline for the substantive offense." U.S.S.G. § 2X1.1(a). The guideline for substantive aggravated identity theft, U.S.S.G. § 2B1.6, does not identify a *base offense level* but does state that the guideline sentence for a violation of 18 U.S.C. § 1028A is the term of imprisonment required by that statute. We need not decide whether the district court erred in concluding that the base offense level for the conspiracy to commit aggravated identity theft under § 1028A was two years because, as set forth below, that conclusion had no impact on his ultimate sentence on that count. *Cf.* 18 U.S.C. § 1028A (sentence for substantive aggravated identity theft is two years, consecutive to other sentences); *United States v. Campbell*, 2022 WL 3576771, at *4 (E.D.N.Y. Aug. 19, 2022) (applying the guideline for wire fraud to Ajelero's codefendant's sentence for Count 37 conspiracy to commit aggravated identity theft).

conviction. It correctly concluded from that section that the higher 51–63-month Guidelines range for Counts 42 and 43 was the touchstone for assessing Ajelero's overall sentence. The court accordingly imposed a within-Guidelines total punishment of 60 months' imprisonment by formally sentencing Ajelero to concurrent, statutory-maximum terms of 60 months on Count 37 and 36 months each on Counts 42 and 43. *See* U.S.S.G. § 5G1.2(b) (providing that a district court sentencing on multiple counts of conviction "shall determine the total punishment and shall impose that total punishment on each such count, except to the extent otherwise required by law").

Because Ajelero thus received a sentence on Count 37 that was within his total Guidelines range, we reject his argument that the court failed to adequately explain its decision to impose an above-Guidelines sentence on that count.

* * *

We have considered Ajelero's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11